**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01798-REB-BNB
(Consolidated with Civil Action No. 11-cv-01925-REB-BNB)

ROSE BUD CATERING, and
ROSALIE ASEBEDO,

      Plaintiffs,

v.

STREET EATS LIMITED,
BEST VENDORS MANAGEMENT, INC.,
HOME DEPOT U.S.A., INC., and
VICKI TURCOTTE, Individually and agent for
      STREET EATS LIMITED, BEST VENDORS MANAGEMENT, INC., and HOME
      DEPOT, U.S.A., INC.

      Defendants.

---

## ORDER CONCERNING MOTION TO DISMISS

---

**Blackburn, J.**

      This matter is before me on the **Defendants Motion To Dismiss Amended
Complaint** [#63][1] filed October 13, 2011.  The plaintiff did not file a response to this
motion.[2]  I grant the motion in part and deny it in part.

## I.  JURISDICTION & CONTROLLING LAW

      I have subject matter jurisdiction under 28 U.S.C. § 1332 (diversity).  The
plaintiffs assert claims under the law of the State of Colorado.  Colorado law controls

---

      [1]  "[#63]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

      [2]  On January 25, 2012, the plaintiffs filed a motion [#68] which sought, in effect, an eleven week
extension of time to respond to the motion to dismiss.  That motion was denied in an order [#70] filed
January 31, 2012.

the resolution of the substantive issues in this diversity case.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Royal Maccabees Life Insurance Co. v. Choren*, 393 F.3d 1175, 1180 (10th Cir. 2005).  Federal law controls procedural issues.  *See, e.g., Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 877 (10th Cir. 2006).

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of FED. R. CIV. P. 8(a).  For many years, "courts followed the axiom that dismissal is only appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  Noting that this standard "has been questioned, criticized, and explained away long enough," the Supreme Court supplanted it in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

Following the dictates of *Twombly*, I now review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974).  "This pleading requirement serves two purposes:  to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim."  *Kansas Penn Gaming*, 656 F.3d at 1215 (citation and internal quotation marks omitted).

As previously, I must accept all well-pleaded factual allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, – , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted). *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting *Twombly*, 127 S.Ct. at 1974) (internal citations and footnote omitted).  Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.  *See also Ridge at Red Hawk*, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.") (emphases in original).

Accordingly, the complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 127 S.Ct. at 1965).  The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." *Robbins*, 519 F.3d at 1248.  Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*; *see also Khalik v. United Air Lines*, ___ F.3d ___, 2012 WL 364058, *2 - *3 (10th Cir. 2012).

The nature and specificity of the allegations required to state a plausible claim will vary based on context and will "require[] the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950; *see also Kansas Penn Gaming*, 656 F.3d at 1215.  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  FACTUAL ALLEGATIONS

According to the plaintiffs, they had two separate food service operator agreements with defendants, Street Eats Limited (SEL) and Best Vendor's Management, Inc. (BVM).  *Amended complaint* [#65], ¶ 6.   The plaintiffs assert that SEL is a division of BVM.  Under the two agreements, the plaintiffs operated two food stands at two different Home Depot stores in Colorado.  *Amended complaint*, ¶ 7.  Copies of the two agreements are attached to the defendants' brief in support of their motion to dismiss.  *Brief in support of motion to dismiss* [#64], Exhibits A and B [#64-2 & #64-3].[3]  Both agreements indicate that the parties to the agreements are Street Eats Limited and Rose Bud Catering.  *Id.*, Exhibit A, pp. 1, 6; Exhibit B, pp. 1, 7.   Acting on behalf of Rosebud Catering, plaintiff Rosalie Asebedo signed personal guarantees for both contracts.  *Id.*, Exhibit A, pp. 7 - 8; Exhibit B, pp. 8 - 9.

On June 7, 2011, SEL sent a letter to Ms Asebedo and Rose Bud Catering.  In

---

[3]  If a document is referenced in or attached to the complaint and is central to plaintiffs' claims, I may properly consider an indisputably authentic copy of the document in resolving a motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).  The plaintiffs do not dispute the authenticity of the exhibits submitted by the defendants with their motion to dismiss.

the letter, SEL said "under and pursuant to Section 16 of the Agreement, Street Eats Limited is hereby terminating the agreements with regard to those facilities listed in Exhibit A." *Amended complaint* [#65], ¶ 13.  Exhibit A to the letter specified the two locations that are the subject of the two contracts at issue in the plaintiffs' complaint. *Id.*, Exhibit C, p. 2.  For both locations, Exhibit A to the letter specified a removal date thirty days after the date of the letter.  *Id.*  A copy of the letter is attached to the defendants' brief in support of their motion to dismiss.  *Brief in support of motion to dismiss* [#64], Exhibit C [#64-3].[4]

Both of the contracts contain sections numbered 16, and titled "Termination."  *Id.*, Exhibit A, pp. 4 - 5; Exhibit B, p. 5.  Section 16(a) of both contracts provides:

> **NOTWITHSTANDING ANYTHING CONTAINED OR IMPLIED IN THIS AGREEMENT TO THE CONTRARY, EITHER OF US MAY TERMINATE THIS AGREEMENT AT ANY TIME, WITH OR WITHOUT CAUSE, UPON THIRTY (30) DAYS PRIOR WRITTEN NOTICE TO THE OTHER.**

*Id.* (capitalization and emphasis in original).  In their motion the defendants argue that they properly terminated both contracts under section sixteen of the contracts.

The plaintiffs contend they complied with the terms of the two contracts and did not breach any of the terms of either contract.  *Amended complaint* [#65], ¶ 9.  They assert also that, based on the law of equity, the plaintiffs "are entitled to more than 30 days termination notice."  *Id.*, ¶ 18.  In addition, the plaintiffs say the defendants "have provided no proof or other accurate justification for termination of Plaintiffs' operation . . . ."  *Id.*

Some of the plaintiffs' allegations concern false statements allegedly made about the plaintiffs.  According to the plaintiffs, Vicki Turcotte, Client Services Manager for

---

[4] For the same reasons cited in footnote 3, *supra*, this exhibit may be considered in resolving the motion to dismiss.

SEL, and Angela Lowe, "sent E-mails, regarding Plaintiffs, to Peter Leckemby, Manager of Home Depot." *Id.*, ¶ 10. These e-mails allegedly contained false statements about the plaintiffs. *Id.* These statements were false, the plaintiffs assert, because the statements indicate that the plaintiffs did not comply with the terms of the contracts in certain respects. Specifically, the plaintiffs allege:

> On May 24 and June 3, 2011 Vicki Turcotte, Client Services Manager for Street Eats Ltd., and Angela Lowe sent E-mails, regarding Plaintiffs, to Peter P. Leckemby, Manager of Hope Depot. Turcotte states that the Plaintiffs had not complied, had non-payments to THD and that Plaintiffs have been placed on many payment plans in which they were late paying. Her E-mail misrepresented and defamed the personal character and business reputation of Plaintiff, Rosalie Sebedo, in that it was patently false and incomplete.

*Amended complaint*, ¶ 10. Additional factual allegations made by the plaintiffs are detailed below.

## IV.  ANALYSIS

In their complaint, the plaintiffs assert four claims for relief.  First, they seek a declaratory judgment declaring their rights and status under the two contracts.  Second, they seek temporary and permanent injunctive relief.  Third, they assert a combined claim of breach of contract and negligent or intentional interference with contract. Fourth, they assert a claim for negligent or intentional misrepresentation.  The first and second claims are dependent on the viability of the third and fourth claims.  Therefore, I examine the third and fourth claims first.

### A.  BREACH OF CONTRACT

A breach of contract claim requires proof of four elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) failure to perform the contract by the defendant; and (4) damages suffered by the plaintiff as a result of the defendant's

breach. ***Western Distributing Co. v. Diodosio***, 841 P.2d 1053, 1058 (Colo.1992). The plaintiffs allege both the existence of two contracts between Rosebud Catering and SEL, and full performance of those contracts by the plaintiffs.  According to the plaintiffs, the defendants breached the contracts when SEL terminated the contracts via the June 7, 2011, termination letter.  The June 7, 2011, letter demonstrates that SEL terminated the contracts under section 16 of the contracts.  Section 16 explicitly permitted SEL to terminate the contracts without a breach by the plaintiffs or any other reason.  Section 16 requires 30 days notice of such a termination.   The June 7, 2011, letter provided 30 days notice to the plaintiffs.

Assuming the plaintiffs' allegations to be true, and considering the terms of the two contracts and the June 7, 2011, letter, I conclude that the plaintiffs have not stated a valid claim for breach of contact against SEL.  The terms of the two contracts and the June 7, 2011, letter are considered to be part of the plaintiff's complaint.  Considering the terms of section 16 of the contracts and the June 7, 2011, letter, the complaint contains no factual allegations that indicate that the SEL breached the contracts. Rather, the specific facts in the complaint indicate that SEL complied with the terms of the contracts when SEL gave the plaintiffs 30 days notice of SEL's decision to terminate the contracts under section 16 of the contracts.  Under FED. R. CIV. P. 12(b)(6), the defendants motion to dismiss must be granted as to the plaintiffs' breach of contract claim against SEL.

The defendants also assert their breach of contract claim against the other defendants, Best Vendors Management, Inc., Home Depot, U.S.A., Inc., and Vicki Turcotte.  None of the allegations in the complaint indicates that Best Vendors Management, Inc., Home Depot, U.S.A., Inc., and Vicki Turcotte are parties to the

contracts.  The plaintiffs allege that an "agency relationship exists among the

Defendants even though Home Depot and Best Vendors Management, Inc. are not

parties to the initial agreement . . . ." *Amended complaint*, ¶ 24.   Assuming there is an

agency relationship, that fact would not make Best Vendors, Home Depot, or Vicki

Turcotte parties to the contracts.  Finally, even if these defendants are considered to be

parties to the contracts, the plaintiffs' allegations do not support the claim that the

defendants breached the contracts.  The contracts were terminated in the time and

manner prescribed in section 16 of the contracts.    Under FED. R. CIV. P. 12(b)(6), the

defendants motion to dismiss must be granted as to the plaintiffs' breach of contract

claim against Best Vendors, Home Depot, and Vicki Turcotte.

## B.  INTERFERENCE WITH CONTRACT

Colorado has adopted Section 766 of the Restatement (Second) of Torts as the

definition of the tort of intentional interference with contract.  ***Memorial Gardens, Inc. v.***

***Olympian Sates & Management Consultants, Inc.***, 690 P.2d 207, 210 (Colo. 1984);

***Swartz v. Bianco Family Trust***, 874 P.2d 430, 434 (Colo. App. 1993).  Section 766

provides:

> One who intentionally and improperly interferes with the performance of a
> contract (except a contract to marry) between another and a third person
> by inducing or otherwise causing the third person not to perform the
> contract, is subject to liability to the other for the pecuniary loss resulting to
> the other from the failure of the third person to perform the contract.

*Restatement (Second) of Torts* § 766 (1979).  To be subject to an interference with
contract claim, a defendant must interfere with a contract between the plaintiff and a
third person.  Under the terms of § 766, an interference with contract claim cannot be
asserted against a party to the contract in question.  Rather, an interference with
contract claim may be asserted only against a person who is not a party to the contract
in question.

The plaintiffs allegations do not support a plausible interference with contract

claim.  SEL is a party to the contracts that are the basis of this claim.  Therefore, the

plaintiffs cannot assert an interference with contract claim against SEL.  To the extent

the plaintiffs seek to assert an interference with contract claim against SEL, that claim

must be dismissed for failure to state a claim on which relief can be granted.

The plaintiffs appear to rely on the May 24, and Jun 3, 2011, e-mails allegedly

sent by Vicki Turcotte as a basis for their interference with contract claim.  According to

the plaintiffs, Vicki Turcotte sent the e-mails in question in her capacity as Client

Services Manager for SEL.  *Id.*, ¶ 10.  Assuming this allegation to be true, the e-mails in

question effectively were sent by SEL, via its Client Services Manager, and not by Ms.

Turcotte individually.  Of course, e-mails sent by SEL, a party to the contracts, cannot

be the basis of an interference with contract claim.  In a conclusory fashion, the plaintiffs

allege Ms. Turcotte "is personally responsible and individually liable for her

interference."  *Id.*, ¶ 35.  However, the plaintiffs allege no specific facts to support this

legal conclusion.  None of the facts alleged in the complaint supports the contention that

Ms. Turcotte was acting on her own behalf when she allegedly sent the e-mails in

question.  Absent such allegations, the plaintiffs have not stated a plausible claim of

interference with contract against Ms. Turcotte.  The plaintiffs' claim against Vicki

Turcotte for interference with contract must be dismissed for failure to state a claim on

which relief can be granted.

In further support of their interference with contract claim, the plaintiffs allege: "In

the statement by Defendants' Agent, Angela Lowe, she requests that Peter Leckemby

verify when Rose Bud Catering has removed their equipment from the Hope Depot

store, without informing him that the Operating Agreement provides for at least 30 days

notice."  *Id.*, ¶ 33.  Angela Lowe is not a defendant in this case.  It is not clear for whom

Ms. Lowe allegedly was acting as an agent.  Assuming Ms. Low was acting as an agent

for a person or entity who is not a party to the contracts, this allegation still does not support an interference with contract claim. Most important, there is no allegation that Ms. Lowe's message induced SEL not to comply with the 30 day notice requirement or otherwise to fail to perform under the contracts. There is no allegation that SEL did not comply with the 30 day notice requirement.

In the caption of the complaint, the plaintiffs name Vicki Turcotte individually and as an agent for the other three defendants, SEL, Best Vendors Management, Inc., and Home Depot, U.S.A., Inc. *Id.*, p. 1. However, none of the factual allegations in the complaint supports the apparent contention that Ms. Turcotte was acting as an agent for Best Vendors or Home Depot. Therefore, Ms. Turcotte's alleged actions are not attributable to Best Vendors or Home Depot. Further, none of the factual allegations in the complaint indicates that Best Vendors or Home Depot took any actions which can be construed plausibly as interference with Rosebud Catering's contracts with SEL. Absent factual allegations that Best Vendors or Home Depot took actions that plausibly can be construed as interference with Rosebud Catering's contracts with SEL, the plaintiff's allegations do not state a plausible claim for interference with contract against these defendants.

None of the plaintiffs' factual allegations provides factual support for a claim that a non-party to the contracts took any action that constitutes negligent or intentional interference with the contracts at issue in this case. Assuming the factual allegations in the plaintiffs' complaint to be true, and disregarding labels and legal conclusions that are not accompanied by supporting factual allegations, the allegations in the plaintiffs' complaint do not state a plausible claim for interference with contract against any of the defendants. Under FED. R. CIV. P. 12(b)(6), this claim must be dismissed.

## C. NEGLIGENT OR INTENTIONAL MISREPRESENTATION

To establish their claim of negligent misrepresentation, the plaintiffs must show:
1) the defendant gave false information to the plaintiff; 2) the defendant gave such
information to the plaintiff in the course of the defendant's business; 3) the defendant
gave the information to the plaintiff for use in a business transaction; 4) the defendant
was negligent in obtaining or communicating the information; 5) the defendant gave the
information intending or knowing that the plaintiff would act in reliance on the
information; 6) the plaintiff relied in the information; and 7) the plaintiff's reliance caused
damage to the plaintiff.  CJI-Civ. 4th 9:4 and the concomitant *Notes on Use* and *Source
and Authority*.

A claim of intentional misrepresentation is, in essence, a claim of fraudulent
misrepresentation.  To establish such a claim, the plaintiffs must show: 1) the defendant
made a false representation of a past or present fact; 2) the fact was material; 3) the
defendant made the representation knowing it to be false or the defendant knew that he
did not know whether it was true or false; 4) the defendant made the representation with
the intent that the plaintiff would rely on the representation; 5) the plaintiff relied on the
representation; the plaintiff's reliance was justified; and 6) the plaintiff's reliance caused
damage to the plaintiff.  CJI-Civ. 4th 19:1 and the concomitant *Notes on Use* and *Source
and Authority*.

In support of their negligent or intentional misrepresentation claim, the plaintiffs
allege that the defendants "made false statements about and concerning the Plaintiffs."
*Id.*, ¶ 41.  The defendants allegedly "published a false statement to Home Depot
Manager, Pete P. Leckemby and . . . other parties."  *Amended complaint*, ¶ 42.  The
plaintiffs allege that "the above Defendants' Agent," referring to Vicki Turcotte, sent

correspondence titled "**THD #1532 - ROSEBUD CATERING**NON PAYMENT

THREE MONTHS PAST DUE*IMMEDIATE TERMINATION*." *Id.*, ¶ 43 (capitalization in

original).  In that correspondence, the defendants allegedly said Rosebud Catering has

"failed to comply," apparently with contract terms, and "there has been continual non-

payment." *Id.*  In addition, the plaintiffs appear to rely on the May 24, and June 3, 2011,

emails allegedly sent by Vicki Turcotte, discussed above, to support their negligent or

intentional misrepresentation claim.

   According to the plaintiffs, these statements were false and the defendants made

these statements with reckless disregard as to whether they were false or not.  *Id.*, ¶ 46.

These false statements, the plaintiffs allege, hurt the plaintiffs' reputation, "deterred"

their ability to obtain future agreements, and caused the plaintiffs to suffer a variety of

injuries, including embarrassment and loss of future income.  *Id.*, ¶¶ 46 - 47.

   Significantly, the plaintiffs do not allege that the defendants made a false

representation to the plaintiffs or that the plaintiffs relied on any such false

representation.  Absent such allegations, the plaintiffs cannot support a claim for

negligent or intentional misrepresentation.  Assuming the factual allegations in the

plaintiffs' complaint to be true, the allegations in the plaintiffs' complaint do not state a

plausible claim for negligent or intentional misrepresentation.  Under FED. R. CIV. P.

12(b)(6), these claims must be dismissed.

   However, FED. R. CIV. P. 8(e) requires that pleadings "be construed so as to do

justice."   A court construing a complaint should not rely solely on the labels in a

complaint.  Rather, the court should probe deeper and examine the substance of the

complaint.  ***See, e.g., Alpine Bank v. Hubbell***, 555 F.3d 1097, 1107 - 1108 (10th Cir.

2009).  I conclude that the plaintiffs' allegations are sufficient to state a claim for relief

for defamation against the defendants who specifically are alleged to have made defamatory statements concerning the plaintiffs.[5]  To establish such a claim, the plaintiffs must show: 1) the defendant published a statement; 2) the statement was defamatory 3) the statement was about the plaintiff; and 4) the publication of the statement caused special damages to the plaintiff.  CJI-Civ. 4th 22:5 and the concomitant *Notes on Use* and *Source and Authority*.  A statement is defamatory if it tends to harm the plaintiff's reputation by lowering the person in the estimation of at least a substantial and respectable minority of the community.  CJI-Civ. 4th 22:7 and the concomitant *Notes on Use* and *Source and Authority*.  If a statement is true, the truth of a statement is an absolute defense to a defamation claim.  ***Gordon v. Boyles***, 99 P.3d 75, 81 (Colo. App. 2004).

According to the plaintiffs, Vicki Turcotte, acting on behalf of SEL, published certain defamatory statements about the plaintiffs, and the plaintiffs were injured as a result.  These allegations, detailed above, are sufficient to state a claim for defamation against SEL and Vicki Turcotte.

On the other hand, the plaintiffs do not allege that Best Vendors or Home Depot made defamatory statements about the plaintiffs.  The plaintiffs do allege that Ms. Turcotte was acting as an agent of every other defendant named in the complaint.  With regard to Best Vendors and Home Depot, however, the plaintiffs make no factual allegations to support their conclusory assertion that Ms. Turcotte was acting as an agent of Best Vendors and Home Depot.  Without supporting factual allegations, the

---

[5]  In their complaint the plaintiffs do not label any of their claims as a claim for defamation. However in their allegations in support of their claim for injunctive relief, the plaintiffs contend they have asserted a "Defamation of Character" claim.  *Amended complaint*, ¶ 27.  This is some indication that the plaintiffs actually intend to assert a claim for defamation.

plaintiffs' allegation that Ms. Turcotte was an agent of Best Vendors and Home Depot amounts to a mere label and conclusion with no factual support.  Such conclusory allegations are not sufficient to defeat a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, – , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Probing the substance of the plaintiffs' factual allegations, as required by FED. R. CIV. P. 8(a), I conclude that the allegations in the plaintiffs' complaint, if true, state a plausible claim for relief for defamation against SEL and Ms. Turcotte.  Contrastingly, the plaintiffs' allegations do not state a plausible defamation claim against Best Vendors and Home Depot.

### D.  DECLARATORY & INJUNCTIVE RELIEF

Under §§13-51-105, 106, C.R.S., a party to a contract may seek a declaratory judgment declaring the party's rights under the contract.  In their complaint, the plaintiffs seek a declaratory judgment declaring their rights and status under the contracts.  As discussed above, the plaintiffs' allegations demonstrate that plaintiff, Rosebud Catering, and defendant, SEL, are parties to the contract and that plaintiff, Rosalie Asebedo, is a guarantor on behalf of Rosebud Catering.  Nothing in the complaint indicates that the other defendants, Best Vendors, Home Depot, and Vicki Turcotte, are parties to the contract.  As to these three defendants, the allegations in the plaintiffs complaint do not state a claim for relief under §§13-51-105, 106, C.R.S.  Under FED. R. CIV. P. 12(b)(6), the plaintiffs' claim for declaratory relief must be dismissed for failure to state a claim on which relief can be granted as to defendants, Best Vendors, Home Depot, and Vicki Turcotte.

The plaintiffs' claim for injunctive relief is based on their substantive claims.  The claims for breach of contract, interference with contract, and negligent or intentional

misrepresentation all are dismissed in this order.  The sole remaining claims are the
plaintiffs' claim for defamation against SEL and Vicki Turcotte and the plaintiffs claim for
declaratory relief against SEL.  If the plaintiffs are successful on one or both of these
claims, it is plausible that they could establish an entitlement to injunctive relief.
However, in a separate order, I deny the plaintiffs' motion for a temporary restraining
order.  With no viable claim pending against Best Vendors and Home Depot, the
allegations in the plaintiffs complaint do not state a claim for injunctive relief against
these defendants.  Under FED. R. CIV. P. 12(b)(6), the plaintiffs' claim for injunctive relief
must be dismissed for failure to state a claim on which relief can be granted as to
defendants, Best Vendors and Home Depot.

## V.  CONCLUSION & ORDERS

Having considered carefully the allegations in the plaintiffs' complaint and the
applicable law, I conclude ultimately that the allegations in the plaintiffs' complaint [#65]
are insufficient to state a claim for breach of contract, interference with contract, or
negligent or intentional misrepresentation.  In contrast, the allegations in the plaintiffs'
complaint [#65] are sufficient to state a claim for defamation, declaratory relief, and,
possibly, injunctive relief against SEL and Vicki Turcotte.  However, the allegations in
the plaintiffs' complaint are insufficient to state a claim for defamation, declaratory relief,
or injunctive relief against Best Vendors and Home Depot.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendants Motion To Dismiss Amended Complaint** [#63] filed
October 13, 2011, is **DENIED** as to the plaintiffs' claim for defamation against
defendants, Street Eats Limited and Vicki Turcotte, as alleged in the plaintiffs' amended
complaint [#65];

2.  That the **Defendants Motion To Dismiss Amended Complaint** [#63] filed October 13, 2011, is **DENIED** as to the plaintiffs' claim for declaratory relief against defendant, Street Eats Limited, as alleged in the plaintiffs' amended complaint [#65];

3.  That the **Defendants Motion To Dismiss Amended Complaint** [#63] filed October 13, 2011, is **DENIED** as to the plaintiffs' claim for injunctive relief against defendants, Street Eats Limited and Vicki Turcotte, as alleged in the plaintiffs' amended complaint [#65];

4.  That otherwise, under FED. R. CIV. P. 12(b)(6), the **Defendants Motion To Dismiss Amended Complaint** [#63] filed October 13, 2011, is **GRANTED**;

5.  That under FED. R. CIV. P. 12(b)(6), the plaintiffs' claims for breach of contract, interference with contract, and negligent or intentional misrepresentation are **DISMISSED** as to all defendants;

6.  That under FED. R. CIV. P. 12(b)(6), the plaintiffs' claims for defamation, for declaratory relief, and for injunctive relief are **DISMISSED** as to defendants, Best Vendors Management, Inc., and Home Depot, U.S.A., Inc.; and

7.  That defendants, Best Vendors Management, Inc., and Home Depot, U.S.A., Inc., are **DROPPED** from this action, and the caption of this case shall be amended accordingly.

Dated February 13, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge