**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 11-cv-01798-REB-BNB
(Consolidated with Civil Action No. 11-cv-01925-REB-BNB)

ROSE BUD CATERING, and
ROSALIE ASEBEDO,

      Plaintiffs,

v.

STREET EATS LIMITED,
BEST VENDORS MANAGEMENT, INC.,
HOME DEPOT U.S.A., INC., and
VICKI TURCOTTE, Individually and agent for
      STREET EATS LIMITED, BEST VENDORS MANAGEMENT, INC., and HOME
      DEPOT, U.S.A., INC.

      Defendants.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

---

**Blackburn, J.**

      This matter is before me on the **Plaintiffs', Rose Bud Catering and Rosalie**

**Asebedo, Motion for Temporary Restraining Order and Injunction Pursuant to**

**C.R.C.P. Rule 65** [#8][1] filed July 25, 2011.  A response to the motion does not appear

on the docket.  However, it is clear that the defendants oppose the relief sought in the

plaintiffs' motion.  I deny the motion.

### I.  JURISDICTION & CONTROLLING LAW

      I have subject matter jurisdiction under 28 U.S.C. § 1332 (diversity).  The

plaintiffs assert claims under the law of the State of Colorado.  Colorado law controls

---

[1]  "[#8]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

the resolution of the substantive issues in this diversity case.  ***Erie Railroad Co. v.***

***Tompkins***, 304 U.S. 64, 78 (1938); ***Royal Maccabees Life Insurance Co. v. Choren***,

393 F.3d 1175, 1180 (10th Cir. 2005).  Federal law controls procedural issues.  ***See,***

***e.g., Sims v. Great American Life Ins. Co.***, 469 F.3d 870, 877 (10th Cir. 2006).

## II.  STANDARD OF REVIEW

A temporary restraining order constitutes extraordinary relief.  A party seeking a

temporary restraining order or a preliminary injunction must show (1) that the movant

has a substantial likelihood that the movant will eventually prevail on the merits; (2) that

the movant will suffer irreparable injury unless the injunction issues; (3) that the

threatened injury to the movant outweighs whatever damage the proposed injunction

may cause the opposing party; and (4) that the injunction, if issued, would not be

adverse to the public interest.  ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980).  In

addition to the foregoing factors, a party seeking a temporary restraining order also

must demonstrate clearly, with specific factual allegations, that immediate and

irreparable injury will result absent a temporary restraining order.  FED.R.CIV.P. 65(b).[2]

## III.  ANALYSIS

Concurrently with this order, I entered an order granting the **Defendants Motion**

**To Dismiss Amended Complaint** [#63] filed October 13, 2011, as to most of the

plaintiffs' claims in this case.  The remaining claims are the plaintiffs' claim for

defamation against defendants, Street Eats Limited and Vicki Turcotte, and the

associated claims for declaratory and injunctive relief.  The plaintiffs' motion for a

---

[2] Originally, this case was filed in state court and then removed to this court.  The fact that this case originated in state court likely explains the plaintiffs' reliance on Colorado Rule of Civil Procedure 65. Now that this case is in federal court, federal law controls procedure in this case, including FED. R. CIV. P. 65.

temporary restraining order must be evaluated in terms of the claims remaining in this case.  The plaintiffs' complaint concerns the termination of two contracts under which the plaintiffs operated food stands in front of two different Home Depot Stores.  The plaintiffs allege that the two contracts were terminated improperly.  They seek an injunction requiring defendant, Street Eats Limited, to permit the plaintiffs to continue to operate their food stands.

Judged in relationship to the claims remaining in this case, I conclude that the motion for temporary restraining order must be denied.  First, the plaintiffs have not established a substantial likelihood that they will succeed on the merits of their defamation claim.  This claim presents significant and disputed questions of fact concerning the alleged falsity of the statements in question and whether those statements caused any harm to the plaintiffs.  Given these disputes, I cannot conclude that the plaintiffs have shown a substantial likelihood that they eventually will prevail on the merits of this claim.

Similarly, the plaintiffs' claim for declaratory relief is tenuous.  The plaintiffs seek a declaration of their rights and status under the contracts that are the subject of the complaint.  As discussed in my order addressing the motion to dismiss, the allegations in the complaint show that defendant, Street Eats Limited, validly terminated its contracts with the plaintiff.  If so, a declaratory judgment would not entitle the plaintiffs to any relief beyond a declaration that the contracts were terminated validly.  The plaintiffs have not shown a substantial likelihood that they will prevail eventually on the merits of their declaratory judgment claim.

In addition, I find and conclude that the plaintiffs have not shown that they will suffer irreparable injury if an injunction does not issue.  An irreparable injury is an injury

to the plaintiff that cannot be compensated after the fact by monetary damages.  ***See, e.g., Greater Yellowstone Coalition v. Flowers***, 321 F.3d 1250, 1258 (10th Cir. 2003). In their motion the plaintiffs argue that they will suffer irreparable injury absent an injunction because "monetary damages are not an adequate remedy to correct the harm or the overall chilling effect on all Food Service Operators connected with Home Depot Stores." *Motion* [#8], filed July 25, 2011, p. 5.  Nothing in the plaintiffs' motion or complaint indicates that any damages caused by the plaintiffs inability to operate the two food stands cannot be compensated adequately with monetary damages.  The plaintiffs do not have standing to assert the interests of "all Food Service Operators connected with Home Depot Stores."

### IV.  CONCLUSION & ORDER

Having considered the plaintiffs' complaint [#65], the plaintiffs' motion for temporary restraining order [#8], and the record in this case, I find and conclude that the plaintiffs have not shown either a substantial likelihood that they will eventually prevail on the merits of their claims or that they will suffer irreparable injury unless an injunction issues. Therefore, the plaintiffs' motion must be denied.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs', Rose Bud Catering and Rosalie Asebedo, Motion for Temporary Restraining Order and Injunction Pursuant to C.R.C.P. Rule 65** [#8] filed July 25, 2011, is **DENIED**.

Dated February 13, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge