IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01798-REB-BNB
(Consolidated with 11-cv-01925-REB-MJW)

ROSE BUD CATERING, LLC, and
ROSALIE ASEBEDO,

Plaintiffs,

v.

STREET EATS LIMITED, and
VICKI TURCOTTE, individually and agent for Street Eats Limited, Best Vendors Management, Inc., and Home Depot, U.S.A., Inc.

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the Order to Show Cause [Doc. # 91] entered on May 10, 2012. I respectfully RECOMMEND that the action be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1.

On March 8, 2012, I granted a motion allowing plaintiffs' counsel to withdraw. Order [Doc. # 83]. In doing so, I stated:

> Plaintiff Rose Bud Catering is cautioned that, as a legal entity, it cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, its claims may be dismissed, and other sanctions may be imposed. Plaintiff Rosalie Asebedo is cautioned that she is personally responsible for complying with all court orders and time limitations established by any applicable rules.

Id. at pp. 1-2 (internal citation omitted).

The Scheduling Order [Doc. # 59] set a final pretrial conference for May 10, 2012, at 8:30 a.m., and required the parties to prepare and submit a proposed final pretrial order no later than May 3, 2012. Id. at p. 14. Defendants' counsel appeared at that date and time. No substitute counsel has entered its appearance on behalf of Rose Bud Catering, LLC, and none appeared at the final pretrial conference. Nor did Rosalie Asebedo appear at the final pretrial conference.

On the morning of the final pretrial conference, Ms. Asebedo filed two letters. The first letter [Doc. # 88 at p. 1] states, "I am filing a motion for legal aid." No such motion has been received, although I assume that Ms. Asebedo intended the letter to constitute her motion. The second letter [Doc. # 88 at p. 2] states:

> I am unable to attend the pretrial hearing because of medication I am on from our accident. My doctor is out of town until May 11th. I give my permission to Eleno Asebedo to represent me today.

Mr. Asebedo appeared at the final pretrial conference. He is not a lawyer or a member of the bar of this court, however, and he could not represent either plaintiff. D.C.COLO.LCivR 83.3D.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

I entered an Order to Show Cause [Doc. # 91] consistent with the local rule, allowing the plaintiffs until May 24, 2012, within which to show cause why the case should not be dismissed

for lack of prosecution, failure to comply with the order of the court requiring that the plaintiffs participate in the preparation of a final pretrial order, failure to appear at the final pretrial conference, and failure to cause substitute counsel to enter its appearance on behalf of Rose Bud Catering , LLC.

Ms. Asebedo, who represents herself to be the owner of Rose Bud Catering, filed two responses to the Order to Show Cause. The first response states in its entirety:[1]

> Rosebud Catering is filing a motion for legal aide. May 10-2012 I filed this request with attached letter with medical issue. With due respect to the Court I apologize to the Court for not attending the May 10th hearing due to illness.

Response [Doc. # 92, filed 5/23/2012]. The second response [Doc. # 93, filed 5/23/2012] is three pages in length and addresses the merits of the plaintiffs' claims, but is unresponsive to the Order to Show Cause.[2]

In connection with considering whether to impose a sanction under D.C.COLO.LCivR 41.1, I am guided by the factors enumerated in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992):

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

---

[1] I have quoted Ms. Asebado's filings verbatim, without any attempt to identify or correct errors.

[2] The plaintiffs filed on May 24, 2012, another identical copy of the second response. [Doc. # 94.]

(Internal quotation and citations omitted.)

With respect to Rose Bud Catering, LLC, the law is clear that as an entity it can proceed only through counsel admitted to practice before this court.  D.C.COLO.LCivR 83.3D; Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993); Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001); Wallic v. Owens-Corning Fiberglass Corp., 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999).  Rose Bud Catering has been without counsel since March 8, 2012.  Substitute counsel has not promptly appeared as required by the local rule, and dismissal of its claims is appropriate.

Turning the Ms. Asebedo personally, I find that dismissal of her claims also is appropriate.

**The degree of actual prejudice:**   The case is set for a jury trial commencing on August 13, 2012.  With slightly more than two months before the scheduled trial, Ms. Asebedo has not identified her witnesses or provided a summary of their anticipated testimony, nor has she identified her anticipated exhibits.  Although the prejudice to defendants might be mitigated by a continuance of the trial date, there is no indication that a continuance would lead to any different result.  Ms. Asebedo has failed to meet her pretrial obligations, and there is no reason to believe that she will meet those obligations if afforded additional time.  In addition, delay alone prejudices the defendants and results in mounting attorneys fees.

**Interference with the judicial process:** Ms. Asebedo, by failing to participate in the preparation of a pretrial order and appear at the pretrial conference, has interfered with the efficient functioning of the judicial process.

**Culpability of the litigant:**  Ms. Asebedo alone is responsible for her failures to satisfy her pretrial obligations.

**Warning:**  The Order allowing plaintiffs' counsel to withdraw [Doc. # 83] warned the plaintiffs as follows:

> Plaintiff Rose Bud Catering is cautioned that, as a legal entity, it cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, its claims may be dismissed, and other sanctions may be imposed.  Plaintiff Rosalie Asebedo is cautioned that she is personally responsible for complying with all court orders and time limitations established by any applicable rules.

**Efficacy of lesser sanction:**   A monetary sanction, even if it could be paid, would not remedy the prejudice to the defendant.  Precluding Ms. Asebedo from presenting evidence in support of her claims is substantially the same as dismissing the case, but dismissal prevents further prejudice to the defendant in the form of additional attorneys fees, and it also relieves the court of any further burden.

In view of the facts of this case and the factors established in Ehrenhaus, I respectfully RECOMMEND that the Order to Show Cause [Doc. # 91] be made absolute and that the case be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1.[3]

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 8, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge