**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-01798-REB-BNB
(Consolidated with 11-cv-01925-REB-BNB)

ROSE BUD CATERING, LLC, and
ROSALIE ASEBEDO,

    Plaintiffs,

v.

STREET EATS LIMITED, and
VICKI TURCOTTE, individually and agent for Street Eats Limited,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before is the **Defendants' Motion for Summary Judgment and Supporting Memorandum of Authorities** [#85][1]filed March 23, 2012. The plaintiffs have not filed a response. I grant the motion.[2]

### I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity of citizenship).

---

[1] "[#85]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense.  **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works, Inc.**, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not

competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999).

## III. BACKGROUND

The plaintiffs Rose Bud Catering, LLC and Rosalie Asebedo had two separate food service operator agreements with defendant Street Eats Limited (SEL). *Amended complaint* [#65], ¶ 6.[3]  Under the two agreements, the plaintiffs operated two food stands at two different Home Depot stores in Colorado. ¶ 7.  On June 7, 2011, SEL sent a letter to Ms Asebedo and Rose Bud Catering.  In the letter SEL said "under and pursuant to Section 16 of the Agreement, Street Eats Limited is hereby terminating the agreements with regard to those facilities listed in Exhibit A." ¶ 13.  Exhibit A to the letter specified the two locations that are the subject of the two contracts at issue in the plaintiffs' complaints in these consolidate cases.  *Id.*, Exhibit C, p. 2.  For both locations, Exhibit A to the letter specified a removal date thirty days after the date of the letter. *Id*. The termination of the contracts spawned this litigation.  The complaints in both of these consolidated cases concern the plaintiffs' food service operator agreements with SEL and, in general, include duplicate claims based on the same factual allegations.

In a earlier order [#71], the court dismissed the plaintiffs' claims for breach of contract, interference with contract, and negligent or intentional misrepresentation as to all defendants.  In addition, the court dismissed the plaintiffs' claims for defamation, declaratory relief, and injunctive relief against former defendants Best Vendors Management Inc. and Home Depot U.S.A. Inc.  Currently, the plaintiffs' remaining claims are their defamation claims against SEL and Vicki Turcotte, their claim  for

---

[3] Hereafter, I will cite to the plaintiffs' amended complaint by paragraph number only.

declaratory relief against SEL, and their claims for injunctive relief against SEL and Vicki Turcotte. In their motion for summary judgment, SEL and Vicki Turcotte move for summary judgment on all of the remaining claims against them.

### IV. ANALYSIS

#### A. Defamation Claims

Under Colorado law the elements of a defamation claim are "'(1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication.'" *McIntyre v. Jones*, 194 P.3d 519, 523-24 (Colo. Ct. App. 2008)(*quoting Williams v. Dist. Court*, 866 P.2d 908, 911 n. 4 (Colo.1993)). "Truth is a complete defense to defamation. However, absolute truth is not required; instead, a defendant need only show substantial truth, that is, the substance, the gist, the sting of the matter is true. The determination of the truth of an alleged defamatory statement is a question of fact." *Gordon v. Boyles*, 99 P.3d 75, 81 (Colo. Ct. App. 2004) (internal quotation and citation omitted).

The defendants move for summary on the plaintiffs' defamation claims, arguing that the undisputed facts in the record demonstrate that the statements in question are true and that the plaintiff cannot produce evidence of malice. The plaintiffs must prove malice, the defendants argue, because the statements in question were protected by a qualified privilege.

According to the plaintiffs, Vicki Turcotte, Client Services Manager for SEL, and an individual named Angela Lowe "sent E-mails, regarding Plaintiffs, to Peter Leckemby, Manager of Home Depot." ¶ 10. These e-mails allegedly contained false

statements about the plaintiffs. *Id.* These statements were false, the plaintiffs assert, because the statements indicate that the plaintiffs did not comply with the terms of the contracts in certain respects. Specifically, the plaintiffs allege:

> On May 24 and June 3, 2011 Vicki Turcotte, Client Services Manager for Street Eats Ltd., and Angela Lowe sent E-mails, regarding Plaintiffs, to Peter P. Leckemby, Manager of Hope Depot. Turcotte states that the Plaintiffs had not complied, had non-payments to THD and that Plaintiffs have been placed on many payment plans in which they were late paying. Her E-mail misrepresented and defamed the personal character and business reputation of Plaintiff, Rosalie Sebedo, in that it was patently false and incomplete.

¶ 10.

Exhibit G to the motion for summary judgment is the affidavit of Vicki Turcotte. Ms. Turcotte describes in her affidavit facts which demonstrate that the plaintiffs had recurring problems making complete and timely payments as required by the plaintiffs' agreements with SEL. The exhibits attached to Ms. Turcotte's affidavit corroborate Ms. Turcotte's affidavit. The plaintiffs have not come forward with any contrary evidence. Viewing the undisputed facts in the record in the light most favorable to the plaintiffs, no reasonable fact finder could conclude that the statements allegedly made by Ms. Turcotte and Angela Lowe, as described in the plaintiffs' complaint, were untrue. Truth is a complete defense to a defamation claim. Thus, no reasonable fact finder could find for the plaintiffs on their defamation claims against the defendants. The defendants are entitled to summary judgment on the plaintiffs' defamation claims. This analysis fully resolves the defamation claims and, therefore, I do not address the defendants' argument concerning qualified privilege and malice.

### B.  Injunctive & Declaratory Relief

The plaintiffs seek a declaratory judgment holding that (i) the language in the

agreements concerning no offsets and termination for cause is unconscionable, vague, and unenforceable; and (ii) "the business operation [is] in full force and effect." *Amended complaint* [#65], p. 8. The plaintiffs request the same relief in their complaint in 11-cv-01925. *Complaint* (11-cv-01925) [#2], p. 7. Under §§13-51-105, 106, C.R.S., a party to a contract whose rights are affected by the contract may have determined by a court any question of construction or validity and may obtain a declaration of rights.

The plaintiffs' breach of contract claims were dismissed on February 13, 2012. *Order* [#71]. Currently, there is no claim in these cases challenging the validity of the terms of the contracts, and nothing in the record of this case demonstrates that the contract terms in question are invalid or otherwise unenforceable. Viewing the undisputed facts in the record in the light most favorable to the plaintiffs, there is no basis for the plaintiffs' declaratory judgment claims concerning the terms of the contracts. The defendants are entitled to summary judgment on the plaintiffs' declaratory judgment claims.

The plaintiffs seek an injunction "against Defendants from ceasing the operation of Plaintiffs' business." *Amended complaint* [#65], p. 8. The plaintiffs' motion for a temporary restraining order previously was denied. *Order* [#72]. To obtain a preliminary injunction, a party must demonstrate, *inter alia*, a substantial likelihood of success on the merits. **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). To obtain a permanent injunction, a party must show, *inter alia*, actual success on the merits. **Fisher v. Okla. Health Care Auth.**, 335 F.3d 1175, 1180 (10th Cir. 2003). In this case, the plaintiffs have not succeeded on the merits of any of their claims. Viewing the undisputed facts in the record in the light most favorable to the plaintiffs, there is no basis on which the court may grant to the plaintiffs an injunction of any kind. Thus, the

defendants are entitled to summary judgment on the plaintiffs' claim for injunctive relief.

## V.  OTHER ISSUES

In addition to the motion for summary judgment, there are three other motions pending in this case.  In addition, a recommendation filed by the magistrate judge also is pending.  The plaintiffs' motion for extension of time [#39] concerns a response to a motion to dismiss that has been fully resolved.  The motion for extension of time [#39] will be denied as moot.  The plaintiffs' motion to stay [#73] was filed on February 16, 2012.  On March 22, 2012, plaintiff Rosalie Asebedo filed a motion to dismiss without prejudice [#84].  The plaintiffs make no argument in support of either motion.  Counsel for Rose Bud Catering LLC has withdrawn, and new counsel has not entered an appearance.  Rose Bud Catering LLC explicitly has been warned that it cannot appear in this case without counsel admitted to practice before this court.  *Order* [#83] filed March 8, 2012.  On May 10, 2012, the magistrate judge issued an **Order To Show Cause** [#91], ordering the plaintiffs to show cause why this case should not be dismissed for lack of prosecution, failure to comply with the court's orders, and failure to appear at the final pretrial conference.  On June 8, 2012, the magistrate judge filed a recommendation [#95], recommending that this case be dismissed without prejudice based on the plaintiff's failure to prosecute, failure to comply with the court's orders, and failure to appear at the pretrial conference.

I conclude that the plaintiffs have had ample opportunity to obtain substitute counsel for Rose Bud Catering LLC and ample opportunity to respond to the defendants' motion for summary judgment.  Since March 23, 2012, when the motion for summary judgment was filed, the plaintiffs have made no effort to respond to the motion.  Given these circumstances, I conclude that it is appropriate to address this

case on the merits by resolving the defendants' motion for summary judgment.  Given that resolution, I will deny the plaintiffs' motion for extension of time [#39], motion to stay [#73], and motion to dismiss [#84] as moot.  Further, I direct that the recommendation [#95] of the magistrate judge be terminated on the docket because this case has been resolved fully on other grounds.

Finally, in the order [#71] granting in part the defendants' motion to dismiss, the court dismissed all claims against former defendants Best Vendors Management Inc. and Home Depot U.S.A. Inc. and directed that they be dropped as parties to these cases.  However, these defendants were not dropped in Civil Action No. 11-cv-01925.  Based on the rulings made in the order [#71] concerning the defendants' motion to dismiss, I direct that these defendants be dropped as parties in Civil Action No. 11-cv-01925.

## VI. CONCLUSION & ORDERS

Viewing the undisputed facts in the record in the light most favorable to the plaintiffs, no reasonable fact finder could find for the plaintiffs on their claim for defamation or on their claims for declaratory and injunctive relief.  Thus, the defendants are entitled to summary judgment on all of these claims.  The resolution of these remaining claims resolves all claims against all defendants in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion for Summary Judgment and Supporting Memorandum of Authorities** [#85] filed March 23, 2012, is **GRANTED**;

2. That **JUDGMENT SHALL ENTER** in favor of the defendants Street Eats Limited and Vicki Turcotte against the plaintiffs Rose Bud Catering LLC and Rosalie Asebedo on the plaintiffs' claim for defamation and on the plaintiffs' claims for

8

declaratory and injunctive relief;

3. That the **Plaintiffs Second Motion for Extension of Time Within Which To Respond To Defendants' August 1, 2011 Motion To Dismiss Up To and Including September 16, 2011** [#39] filed September 6, 2011, is **DENIED AS MOOT**;

4. That the plaintiffs' **Motion To Stay** [#73] filed February 16, 2012, is **DENIED AS MOOT**;

5. That the plaintiffs' **Motion To Dismiss Without Prejudice** filed March 22, 2012, is **DENIED AS MOOT**;

6. That the **Recommendation of the United States Magistrate Judge** [#95] filed June 8, 2012, is **TERMINATED** on the docket because this case has been resolved on other grounds;

7. That based on the ruling in the court's **Order Concerning Motion To Dismiss** [#71], defendants Best Vendors Management Inc. and Home Depot U.S.A. Inc. are **DROPPED** as defendants in Civil Action No. 11-cv-01925;

8. That the Trial Preparation Conference currently set for July 27, 2012, at 4:00 p.m., and the jury trial currently set to begin on August 13, 2012, at 8:30 a.m., are **VACATED**;

9. That the defendants are **AWARDED** their costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

10. That these consolidated cases are **DISMISSED**.

Dated July 18, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge